# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2022 OCT 12 AM 8:42
DEPUTY CLERK_____ mb

---------------------------------------x

CHAD R. HARRIS
1834 Clear Creek Lane
Carrollton, TX 75007
214-316-3055

                              Plaintiff,

V.

          Civil Action No. **3-22CV2279-C**

          **COMPLAINT**

          **DEMAND FOR JURY TRIAL**

AMAZON.COM, INC.
410 Terry Ave N.
Seattle, WA 98109
206-266-1000

                              Defendant.

---------------------------------------x

       Plaintiff Chad R. Harris ("Plaintiff" or "Mr. Harris"), for the complaint in this action against Defendant Amazon.com, Inc, ("Amazon" or "Company") hereby states and alleges as follows.

## PRELIMINARY STATEMENT

1. Amazon and its Chief Executive Officer ("CEO"), Andrew R. Jassy, present themselves as among the foremost, most innovative companies and business leaders in the United States and the world. They have touted "Customer service" their top leadership concern. Driven for shareholders they ultimately show, profit and greed, as the real driving force. Amazon and Mr. Jassy are not, however, "employee-friendly" driven. Their practices when it comes to paying fair wages per substantially harder assignments while perpetuating a systematic pattern of discrimination for sex, color, age and more, throughout their tenure, have shown through the constant lawsuits won against them. Amazon may be the largest on-line retailer and Mr. Jassy compensated well for it, they are not above the law. Chad R. Harris, therefore, files this complaint to hold Amazon and its executives accountable for their unlawful and discriminatory practices.

2. November 28th, 2021, Amazon hired Chad R. Harris at one of Amazon.com, Inc branches at 2601 W Bethel Rd. Coppell, TX 75019. as a "Packer" job title. Job description: An Amazon Packer's job is

to package and supervise stock arrangements based on ensuring a reasonable amount of stock is available for shipping. A packer also ensures that orders demanded by customers are fully prepared for delivery through means of labeling and marking out containers. An Amazon packer supervises the number of goods ordered that are intact in the product container. They package goods according to orders taken from their supervisors and label various types of products. A packer job is similar to that of a quality control personnel as they inspect products to be delivered to ensure that the quality of goods has not been compromised. Any goods found in that position will be isolated and reported to the authorities of Amazon. A packer makes use of certain tools for packaging goods and arranges them accordingly in their right containers. They clean and arrange containers used for keeping packaged goods for shipment purposes. As an Amazon packer, you will need to operate packing machines, work as a team with your team members.

3. Within weeks of starting, Amazon started using Mr. Harris in different assignments, more labor intensive, with each new assignment. Some of which, women and men were used, some were not. Finally, moved into "Tote Running," which is considered by most if not every packer, as the hardest physical job in the packing area. This assignment was only given to men. Each time we are given a different assignment, management stated that they could put us anywhere in the warehouse, because we signed a contract. The only way to be removed from similar jobs would be to file for accommodations, saying you have an injury.

4. Most of the time during peak season, 2 Tote Runners, were assigned to approximately 70-75 packers. Their job assignment is to move each stack of 12 totes, that packers stacked, to the end of the line. Then load those totes on to a cart. The cart holds 8 stacks of 12. The cart which weighs roughly 500 pounds loaded, is then pushed 1/8' of a mile and totes then removed and put in a standing area. Tote Runners, then return and do it again, for 10 hours. Measured by sports watches, the daily distance traveled per day, was consistently between 12-20 miles. Portions of the pushing, were pushing the totes to end of line. A portion was pushing the 500 pound cart, and the return was pushing an empty cart of an estimated 120 pounds.

5. Amazon has made an obvious effort to not list "Tote Running" and other labor difficult assignments, as a job listing. Jobs like this would commonly draw much more hourly wages for similar companies.

6. Mr. Harris reported his concerns that only men pushed totes, on multiple occasions. He talked with managers repeatedly about it, only to get responses that it was too hard for women. During Mr. Harris' tenure, Amazon has changed management in the packing department multiple times. Each time, they continue to only assign men to "Tote Running."

7. Mr. Harris and many of his colleagues consistently urged the management to add more "Tote Runners," because it was too difficult with the supplied number of workers. Management continually explained that they were not allotted any more than were scheduled for "Tote Running."

8. Mr. Harris and other "Tote Runners" asked to be relieved when they were physically exhausted on occasion. It was not uncommon, for the management to say sure, give me a minute, and then just leave them on totes all day long without relieving them with someone else. Mr. Harris and other colleagues observed multiple "Tote Runners" quit after being left on totes all day after reporting they were exhausted.

9. Mr. Harris requested not to push on the long 1/8 mile tract, and requested to be placed on a shorter route. On or around April 13, 2022, Mr. Harris was scheduled on the longer route again. Mr. Harris spoke to manager Mekel, that due to "Tote Running," his knees experienced pain/agony and he would not wish to do it. Manager Mekel stated that it wasn't a good enough excuse, and Mr. Harris would need to report for the longer route. Mr. Harris objected and said he would wish not to be a "Tote

Runner" any longer. Manager Mekel stated, "You can go home then." Mr. Harris reported incident to HR. HR turned it around on Mr. Harris and tried to say Mr. Harris had bodily issues and he needed to ask for accommodations. Mr. Harris was clear, that he did not have any issues before with his knees and did not wish to report any prior pains in knees. It was only due to being put into a very hard bodily intensive assignment.

10. Many of Mr. Harris' colleagues, both men and women observed a consistent practice of scheduling men only for certain harder labor assignments.

11. Amazon's discriminatory conduct was not limited to "Tote Running" but also includes "Box Water Spider," "VRC" and other job assignments. None of which are listed on job listings for Amazon.

12. Mr. Harris filed his charge complaint on July 27, 2022 with the EEOC. Shortly after that, Operation Manager Matt, came to the station Mr. Harris was packing. Manager Matt asked Mr. Harris what the lawsuit was regarding. During the conversation, Manager Matt admitted that he felt having men only "Tote Run" would work best because it was a very difficult job.

13. On or around Aug 15, 2022, Mr. Harris and a few others were sent to train in another area of the building, called Stow. Mr. Harris and others were told by manager Mekel, that it would be very rare, and not to worry. Then, a couple of days later, manager Mekel stated, they were going to be sending Mr. Harris and some others to Stow more often, and if they didn't like it, talk to HR. Manager Mekel hand-picked which people were to be trained in Stow, and Mr. Harris now believes this was a direct move to distance him from his packing assignment job, and manager Mekel. Mr. Harris has been placed in Stow, a less desirable job assignment, every day for near a month. Mr. Harris believes this was in direct retaliation. Mr. Harris furthermore, misses the chance to receive the benefits that packing receives when there are low orders being processed. Mr. Harris no longer has the ability to receive voluntary time off that other packers are offered, nearly every day, called VTO. Mr. Harris is also made to take a lunch at an alternate time. Instead of 11 and 3 pm. Mr. Harris now has to adapt and eat at 10 and 2 pm. The people who are normally in Stow, come in earlier and leave earlier, but Mr. Harris does not. Eating lunch at 10 AM is very difficult, since he just ate breakfast within 3 hours.

14. Mr. Harris has physical pain and suffering, in his knee area, in both legs. The Plaintiff, has pain in knee area while walking up stairwells, and cramps in same area at night during sleep. Previous to his job assignment as "Tote Runner" the Plaintiff did not have these pains. The pain has persisted even after being removed from "Tote Runner" for more than a month.

15. Mr. Harris now brings this action to redress the unlawful employment practices committed against him, including Defendants' discriminatory treatment towards and retaliation committed against him, due to his sex/gender in violation of Section 2000e-2 as amended under the Civil Rights Act of 1964 ("VII"), 42 U.S.C. § 2000e-2 ("Section 2000e-2"), and/or due to his sex/gender in violation of the Civil Rights Act of 1991, retaliation by manager in violation of 42 U.S.C. § 2000e-3 Section 704a ("Section 704(a)").

## ADMINISTRATIVE PROCEDURES

16. Mr. Harris has filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 27, 2022 alleging violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-2 et seq ("Title VII").

17. Mr. Harris received upon completion of the investigation under 42 U.S.C. 2000e-5b into Mr. Harris' charge of discrimination and/or an issuance of a Notice of Right to Sue, Plaintiff is seeking leave to amend this Complaint to add Civil Rights Act of 1991.

## JURISDICTION AND VENUE

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981a. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).
19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

20. Plaintiff Chad R. Harris is an employee of Amazon.com, Inc. hired for a somewhat light duty assignment called "packing" and or "Packer."
21. Defendant Amazon.com, Inc. is a Seattle, WA registered domestic corporation with operations in Texas. At all relevant times, Defendant Amazon.com, Inc. met the definition of "employer" and/or "covered employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

I. Amazon.com, Inc. engages in a pattern of hiring employees for a specific job assignment, but puts inside contract, that management can/may have them do any other job in warehouse.

22. Amazon.com, Inc. outlines a job description one may apply for, on their website. Amazon, at time of hiring, have potential employees watch a video and visualize your prospective assignment.
23. Amazon does not have potential "Packers" watch a video of "Running Totes."

II. Amazon.com, Inc. does not list certain very physically demanding jobs as a job assignment on their job search.

24. Amazon recruits' workers on the basis, it being a somewhat light duty job, with a maximum of 50 pounds of lift and some pushing, pulling or unloading.
25. Looking on their employment website, one will not find "Tote Runner," "VRC," or "Box Water Spider." There are surely many more heavy-duty type assignments that the Defendant may not be aware of as well, that are not listed. These job assignments are crucial to Amazon fulfilling orders,

and yet are not listed. These jobs are substantially different assignments from listed jobs and have a much higher difficulty as far as physical labor, than what employees are hired for.

26. No where in time of recruiting, does a "Packer" learn they may be pushing 500 pounds for 12-20 miles per day.

### III. Amazon does not schedule women at the same rate as men, for heavy duty type assignments. In fact, men are scheduled at a substantially different rate for heavy duty type assignments.

27. It is well known and talked about within the "packing" area, by women and men, that men are the only one's who have traditionally been scheduled to "Run Totes."
28. Multiple managers, expressed that women pushing totes was too difficult.
29. Operations manager Matt, even admitted he felt it was the correct way to operate at that location due to difficulty.
30. It is well known and talked about, that those who don't want push totes who continually get scheduled, just quit. They quit instead of filing for special accommodations due to injury.

### IV. Mr. Harris' recruitment to, career, and position at Amazon.

31. Mr. Harris was recruited, as a referral, and applied for work on the website for Amazon careers.
32. Mr. Harris began working as a "Packer" but was scheduled to work more physically demanding job assignments within weeks of being hired.
33. Mr. Harris was removed from "Tote Running" after the EEOC claim was filed.
34. Mr. Harris was returned to "Packing" for a brief time.
35. Mr. Harris was then sent to a different area of the building, called "Stow."
36. Mr. Harris' login data, is "locked" on the managers computer, as a person who is first to be sent to "Stow." There is a little paddle lock that is by a workers name when this occurs.
37. Mr. Harris has been sent to "Stow" for near/over 1 month, every day.

### FIRST CAUSE OF ACTION

(Discrimination in violation of Section 2000e-2 and the Civil Rights Act of 1991)

38. Plaintiff hereby repeats, reiterates, and re-alleges each and every allegation in each of the preceding paragraphs, as though fully set forth herein.
39. Defendants have discriminated against Plaintiff on the basis of his sex (Male) in violation of Section 2000e-2 and the Civil Rights Act of 1991 by denying him the same terms and conditions of the employment available to women, subjecting him to disparate working conditions, denying him terms and conditions of employment equal to that of his coworkers who do not belong to the same protected categories, as well as, but not limited to, by placing him in a substantially more physically demanding position.
40. Defendants have discriminated against plaintiff on the basis of sex, by fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination.
41. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 2000e-2 and the Civil Rights Act of 1991, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering, as well as physical pain and suffering, for which he is entitled to an award of damages and other relief.

42. Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violation of Section 2000e-2 and the Civil Rights Act of 1991, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
(Retaliation in violation of 42 U.S.C. 2000e-3 Section 704(a))

43. Defendants' unlawful retaliation, for opposing any practice made an unlawful employment practice, because the plaintiff made a charge of discrimination under the Civil Rights Act of 1964.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter a judgment in his favor and against Defendant for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the District Court for the Northern District of Texas;
B. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and/or economic damages;
C. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish and emotional distress;
D. An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all physical pain and suffering, for past and future;
E. An award of liquidated damages equal to the amount of Plaintiff's past and future lost wages;
F. An award of punitive damages in an amount determined at trial;
G. Prejudgment interest on all amounts due;
H. Post-judgment interest as may be allowed by law;
I. An award of Plaintiff's reasonable court fees, paperwork costs, and all other costs associated with costs of court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated Oct 12, 2022

Respectfully submitted,

CHAD R. HARRIS

*/s/ Chad R. Harris*

1834 Clear Creek Lane

Carrollton, TX 75007

Phone: 214-316-3055

Email: Planetharris@ymail.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 450-2022-04128 |

Texas Workforce Commission Civil Rights Division                                     and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Chad Harris
**Home Phone**: (214) 316-3055
**Year of Birth**: 1972

**Street Address**: 1834 Clear Creek Ln, CARROLLTON, TX 75007

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: Amazon
**No. Employees, Members**: 501+ Employees
**Phone No.**:

**Street Address**: 2601 W Bethel Rd, COPPELL, TX 75019

**DISCRIMINATION BASED ON**: Sex

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 11/01/2021
Latest: 07/18/2022
Continuing Action

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I. PERSONAL HARM: Since being hired on November 28, 2021, by Respondent as an Amazon Picker/Packer until the present Respondent, Respondent has provided better terms and conditions of employment towards female Picker/Packer, in that they do not have to do their function as a Packer in the moving of the totes. Female Picker/Packers are rarely made to move the totes like the males. II. RESPONDENTS REASON FOR ADVERSE ACTION: No reason was given. III. DISCRIMINATION STATEMENT: I believe I have been discriminated against because of my sex (male), in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: Chad Harris**
07/27/2022

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

*Charging Party Signature*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website:

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/28/2022

**To:** Chad Harris
1834 Clear Creek Ln
CARROLLTON, TX 75007
Charge No: 450-2022-04128

EEOC Representative and email:   Dennis Guzman
EEO Investigator
dennis.guzman@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2022-04128.

On behalf of the Commission.

_____ for
Rayford O. Irvin
Acting District Director

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 450-2022-04128 to the District Director at Linda Sales-Long, 207 S. Houston Street 3rd Floor Dallas, TX 75202.

You can also make a FOIA request online at

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**  3-22CV2279-C

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Chad A. Harris
1834 Clear Creek Ln
Carrollton, Texas 75007

**DEFENDANTS**
Amazon.com, Inc.
410 Terry Ave N.
Seattle, WA 98109

**(b)** County of Residence of First Listed Plaintiff: Denton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: King
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED OCT 12 2022 MD
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
David A. Zapolsky
410 Terry Ave N.
Seattle, WA 98109

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only)* and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | FEDERAL TAX SUITS | | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | 870 Taxes (U.S. Plaintiff or Defendant) | | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | 871 IRS—Third Party 26 USC 7609 | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | IMMIGRATION | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 462 Naturalization Application | | |
| | 555 Prison Condition | 465 Other Immigration Actions | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 2000e-2, Civil Rights Act of 1991, Section 2000e-3 704(a)
Brief description of cause:
sexual discrimination and/or retaliation

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ .
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE: 10/12/2022
SIGNATURE OF ATTORNEY OF RECORD: Pro Se /s/ [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____