IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAD R. HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2279-C-BN |
| | § | |
| AMAZON.COM INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Chad R. Harris filed this *pro se* lawsuit alleging Title VII claims of sex discrimination and retaliation, paying the filing fee to do so. *See* Dkt. No. 3. Senior United States District Judge Sam R. Cummings referred Harris's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendant Amazon.com, Inc. simultaneously answered and moved to dismiss Harris's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 6, 7. Harris responded and moved to amend his claims. *See* Dkt. Nos. 10-13. The parties then briefed Harris's motion to amend. *See* Dkt. Nos. 15-17. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, terminate the motion to amend as unnecessary, and dismiss the complaint for the reasons and to the extent set out below.

**Legal Standards**

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim

upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555; *see also Sewell*, 974 F.3d at 582 ("Although this framework is one-sided, the issue 'is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997))).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also*

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context.")).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

- 5 -

into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

As to requests to amend a complaint, Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)). But a plaintiff may amend his complaint only "once as a matter of course," FED. R. CIV. P. 15(a)(1). And "[o]nce means once." *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017).

Where a party may no longer amend as a matter of course nor has obtained the opposing party's written consent, *see* FED. R. CIV. P. 15(a)(2), and no court-imposed deadline by which to amend has expired, *see* FED. R. CIV. P. 16(b)(4); *Shepherd v. City of Shreveport*, 920 F.3d 278, 287-88 (5th Cir. 2019),

> [l]eave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit

> denial." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (internal quotations omitted). Similarly, "[a] district court may deny a proposed amendment for futility – meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

*Petty v. Great West Cas. Co.*, 738 F. App'x 414, 414-15 (5th Cir. 2019) (per curiam) (citation modified); *see also Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))); *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' Rule 15(a) provides that leave to amend shall be 'freely' given 'when justice so requires.' '[T]he language of this rule "evinces a bias in favor of granting leave to amend."' Granting leave to amend, however, is not required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is 'apprised of the insufficiency' of her complaint. A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. Similarly, a district court need not grant a futile motion to amend." (citations omitted)).

## Analysis

Starting with the claim of sex discrimination, "Title VII forbids an employer from taking an adverse employment action against an employee because of [their]

sex." *Wallace v. Performance Contractors, Inc.*, 57 F.4th 209, 217 (5th Cir. 2023) (citing 42 U.S.C. § 2000e-2(a); *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)).

Harris alleges that in November 2021 he was hired as a Packer at an Amazon facility in Coppell, Texas, *see* Dkt. No. 3, ¶ 2, and that, throughout his employment, Amazon discriminated against him "by denying him the same terms and conditions" of employment "available to women," thus "subjecting him to disparate working conditions, denying him terms and conditions of employment equal to that of his coworkers who do not belong to the same protected categories," and "placing him in substantially more physically demanding position[s,]" *id.*, ¶ 39.

As these allegations reflect, Harris alleges sex discrimination on the basis that, although he was hired as a Packer, he was given other assignments requiring more strenuous labor, and that, while some women were also given more physically demanding assignments, Harris was ultimately moved to Tote Running, "the hardest physical job in the packing area," "only given to men." *Id.*, ¶ 3; *see also id.*, ¶ 10 ("Many of Mr. Harris' colleagues, both men and women observed a consistent practice of scheduling men only for certain harder labor assignments.").

To plausibly allege (and ultimately prove) a claim of sex discrimination under Title VII requires that Harris either rely on direct evidence of discrimination or, in the alternative, proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark*

*v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Because Harris's allegations do not implicate direct evidence of discrimination, he must proceed under the applicable burden-shifting analysis and first articulate a prima facie case as to sex discrimination, the elements of which are that Harris

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

Harris need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But he must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a

plaintiff pleads discriminatory intent." (cleaned up)).

And Harris "must plausibly set out facts that [Amazon] 'took the adverse employment action against [him] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*).

In sum, at this stage, the Court must ask whether Harris has alleged enough facts, accepted as true, to allege an actionable claim of sex discrimination in violation of Title VII. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if he "has not pled such facts," it is "proper[ to] dismiss" this claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Amazon argues that Harris's sex-discrimination claim fails as to the third prima facie element: an adverse employment action. *See* Dkt. No. 6 at 3-5. The undersigned agrees.

To allege "a sex-discrimination claim at all," Harris must allege that Amazon took "adverse employment action against" him. *Wallace*, 57 F.4th at 218. This "judicially-coined term refer[s] to an employment decision that affects the terms and conditions of employment." *Thompson*, 764 F.3d at 503. Such "actions under Title VII include 'ultimate employment decisions' such as 'hiring, firing, demoting, promoting,

- 10 -

granting leave, and compensating.'" *Wallace*, 57 F.4th at 218 (quoting *Thompson*, 764 F.3d at 503).

In general, "[u]ndesirable work assignments are not adverse employment actions." *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). Even so, liberally construing the complaint, Harris may argue that Amazon's reassigning him, from Packer to Tote Running, constitutes an ultimate employment decision.

And "a transfer or reassignment can be the equivalent of a demotion, and thus constitute an adverse employment action." *Thompson*, 764 F.3d at 503 (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612-15 (5th Cir. 2007)).

But a transfer that just imposes "chang[ed] working hours or [ ] a higher workload does not qualify" as an adverse employment action. *Outley v. Luke & Assocs.*, 840 F.3d 212, 217 (5th Cir. 2016) (citing *Benningfield v. City of Hous.*, 157 F.3d 369, 376-77 (5th Cir. 1998)); *see Price v. Wheeler*, 834 F. App'x 849, 856 (5th Cir. 2020) ("[A] loss or addition of (or change in) job responsibilities [does not] constitute an adverse action unless the change is so drastic as to constitute a functional demotion." (citing *Thompson*, 764 F.3d at 504)); *Ellis v. Compass Grp. USA, Inc.*, 426 F. App'x 292, 296 (5th Cir. 2011) (per curiam) ("Imposing a higher workload than that given to other employees is not an adverse employment action under title VII." (citing *Benningfield*, 157 F.3d at 376-77)).

So, because Harris has not alleged facts to support this required element, the Court should dismiss his claim of sex discrimination in violation of Title VII.

"Title VII also forbids retaliation as a form of sex-based discrimination." *Wallace*, 57 F.4th at 224. And the prima facie elements of such a claim, which Harris must allege facts in support of, are "that: (1) [he] 'participated in an activity protected by Title VII;' (2) [his] 'employer took an adverse employment action against' [him]; and (3) 'a causal connection exists between the protected activity and the adverse employment action.'" *Id.* (quoting *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021)).

In support of his retaliation claim, Harris alleges that he "was removed from 'Tote Running' after the EEOC claim was filed" on July 27, 2022; that he "was returned to 'Packing' for a brief time"; that he "was then sent to a different area of the building, called 'Stow.'" Dkt. No. 3, ¶¶ 12, 33-35; *see also id.*, ¶ 13 ("On or around Aug 15, 2022, Mr. Harris and a few others were sent to train in another area of the building, called Stow. Mr. Harris and others were told by manager Mekel, that it would be very rare and not to worry. Then, a couple of days later manager Mekel stated, they were going to be sending Mr. Harris and some others to Stow more often, and if they didn't like it talk to HR. Manager Mekel hand-picked which people were to be trained in Stow, and Mr. Harris now believes this was a direct move to distance him from his packing assignment job, and manager Mekel. Mr. Harris has been placed in Stow, a less desirable job assignment, every day for near a month. Mr. Harris believes this was in direct retaliation. Mr. Harris furthermore, misses the chance to receive the benefits that packing receives when there are low orders being processed. Mr. Harris no longer has the ability to receive voluntary time off that other

packers are offered, nearly every day, called VTO. Mr. Harris is also made to take a lunch at an alternate time. Instead of 11 and 3 pm. Mr. Harris now has to adapt and eat at 10 and 2 pm. The people who are normally in Stow, come in earlier and leave earlier, but Mr. Harris does not. Eating lunch at 10 AM is very difficult, since he just ate breakfast within 3 hours.").

Amazon also moves to dismiss this claim based on its adverse-employment-action element. *See* Dkt. No. 6 at 5-7.

> For purposes of Title VII's anti-retaliation provision, the Supreme Court has held that an adverse employment action is defined slightly more broadly than the term is defined in the employment discrimination context. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006). Specifically, a plaintiff seeking to establish a retaliatory adverse employment action "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (cleaned up).
> Title VII's anti-retaliation provisions do not protect employees from "petty slights, minor annoyances, and simple lack of good manners." *Id.* However, retaliatory adverse employment actions also need not rise to the level of ultimate employment decisions. *Id.*; *Donaldson v. CDB Inc.*, 335 F. App'x 494, 506 (5th Cir. 2009). [And], when determining whether an allegedly retaliatory action is materially adverse, courts "look to indicia such as whether the action affected 'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among ... coworkers.'" *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009)).

*Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826-27 (5th Cir. 2019) (citation modified).

Even though this element "is defined slightly more broadly" in the context of a retaliation claim, the adverse employment actions that Harris alleges are not materially adverse. That is, in this context, "close scrutiny, denying days off, failing

to alter a schedule, or assigning a heavy workload are not considered adverse actions." *EEOC v. Bass Pro Outdoor World, LLC*, No. 4:11-CV-3425, 2013 WL 1124063, at *6 & n.11 (S.D. Tex. Mar. 18, 2013) (collecting cases); *see Paul*, 666 F. App'x at 347-48 ("[A] reassignment that requires additional tasks is not materially adverse if it is not accompanied by any other change in the employee's status. And a merely '[u]ndesirable work assignment' does not result in material adversity to the assigned employee. Rather, as we have repeatedly held, a 'purely lateral transfer' is not an adverse employment action." (citations omitted)).

Regarding the VTO claim, Harris's allegations reflect that this "benefit" was tied to the workload of his old assignment, and his allegations should not be construed as Amazon's denying him leave. Similarly, just because Harris had to adjust his lunch schedule to a time that he alleges is less desirable, this change, while maybe "materially inconvenient," is not materially adverse. *Benford v. Milwaukee Elec. Tool Corp.*, No. 4:19-CV-179-DMB-JMV, 2021 WL 735642, at *6 (N.D. Miss. Feb. 25, 2021) ("[F]or 'a change in work schedule to be sufficiently adverse for purposes of plausibly alleging a retaliation claim, there must be some extenuating circumstance, of which the plaintiff alleges her employer was aware, that transforms such a change from merely inconvenient to materially adverse.' Because Benford has made no allegation of extenuating circumstances which would suggest that the change in lunch hour would have any adverse impact on her, it follows that this change may not be considered materially adverse. Her retaliation claim premised on this action must fail." (citation omitted)).

Again, because Harris has not alleged facts to support a required element, the Court should also dismiss his claim of retaliation in violation of Title VII.

Turning finally to the motion to amend, Harris's motion was filed just two days after Amazon filed its motion to dismiss, so Harris was inside his window to amend his complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(B). The Court should therefore terminate the motion for leave to amend as unnecessary.

Still, Harris's amendment does not address the substance of his claims – nor cure the deficiencies set out above. *Cf. Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996) ("Although Holmes' amended complaint supersedes his original complaint, the court may nevertheless treat defendants' motion as directed to the amended complaint because the defects in Holmes' complaint reappear in the amended complaint. Moreover, Holmes neither contends that the court should require that defendants move for dismissal anew, nor that he will suffer prejudice from the use of this procedure." (citation omitted)).

## Leave to Amend

Even so, the time to file objections to this recommendation (further explained below) allows Harris an opportunity to explain how he would cure the deficiencies identified above (that is provide enough facts to plausibly allege all elements of each claims) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Harris leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P.

15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

But, if Harris fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

### Recommendation

The Court should grant the motion to dismiss the complaint [Dkt. No. 6], terminate the motion to amend [Dkt. No. 11] as unnecessary, and dismiss this action with prejudice unless, within the time to file objections, Plaintiff Chad R. Harris satisfactorily shows that he can amend his complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE