**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHAD R. HARRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-02279-K-BN** |
| | § | |
| **AMAZON.COM, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S MOTION TO CONTINUE DEADLINE TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Amazon.com, Inc.[1] files this opposed Motion to Continue Deadline to a File Response to Plaintiff's Motion for Summary Judgment as follows:

## I.    PROCEDURAL BACKGROUND

In this employment discrimination matter, *pro se* Plaintiff Chad R. Harris alleges that Amazon discriminated against him because of his sex (male) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* 42 U.S.C. §§ 2000e, *et seq*.

On November 4, 2022, Amazon filed a Motion to Dismiss for failure to state a claim. (Dkt. No. 6.) This Court initially granted the Motion to Dismiss in full (Dkt. Nos. 20 & 25), after which Plaintiff appealed the ruling to the Fifth Circuit Court of Appeals (Dkt. No. 27). In February 2024, the Fifth Circuit vacated the judgment based on two recent Fifth Circuit decisions that changed certain Title VII standards, and remanded to allow the District Court to reconsider Amazon's Motion to Dismiss in light of those decisions. *See* Dkt. No. 34; *Harris v. Amazon.com Inc.*, No.

---

[1] Amazon.com, Inc. never employed Plaintiff. Therefore, this entity is an improperly named defendant, and Plaintiff has no right of recovery against it. Plaintiff was employed by Amazon.com Services LLC. Nothing in this motion should be construed as an admission that Amazon.com, Inc. was Plaintiff's employer or that it may otherwise be liable to Plaintiff for any of the acts or omissions alleged in Plaintiff's Complaint.

23-10556, 2024 WL 688255 (5th Cir. Feb. 20, 2024) (per curiam). On remand, the Court allowed the parties to supplement their Motion to Dismiss briefing. (*See* Dkt. Nos. 36-40). On November 14, 2024, Magistrate Judge Horan recommended granting the Motion to Dismiss as to Plaintiff's retaliation claim and denying as to the discrimination claim. (Dkt. No. 41). On December 3, 2024, District Judge Kinkeade accepted the recommended ruling. (Dkt. No. 42).

On December 5, 2024, the Court entered an Order Requiring Conference and Joint Status Report, ordering the parties to confer as required under Rule 26(f) and submit a joint status report and proposed scheduling plan no later than December 27, 2024. (Dkt. 43). The Order also noted that the Court would conduct a scheduling conference at either party's request. (*Id.*). The parties filed their Joint Status Report and Proposed Scheduling Plan on December 27, 2024. (*See* Dkt. 44). On December 30, 2024, Amazon filed a letter with the Court, requesting that a scheduling conference be held to assist the Court in fully understanding the parties' respective positions on scheduling. (Dkt. 45).

While this request was pending, and despite the still-early posture of this case, Plaintiff filed a motion for summary judgment on January 6, 2025. (Dkt. No. 46.) After Plaintiff filed his motion for summary judgment, the Court entered an Order Setting Scheduling Conference on January 8, 2025, agreeing that "a scheduling conference will further the efficient management of this matter," and ordering the parties to appear for an in-person scheduling conference on January 29, 2025. (Dkt. 47).

Amazon's current deadline to respond to Plaintiff's motion for summary judgment is January 27, 2025, two days before the current scheduling conference. As outlined in the parties' joint status report, limited written discovery has been exchanged in this matter, but the parties intend to conduct additional written discovery and take depositions in this matter, particularly in

light of the passage of time between the initial written discovery in this matter and the circumstances that have changed since those requests were served. (Dkt. 44, pp. 3-4). Thus, given the very early stages of this matter, and the necessity of conducting discovery to fully respond to Plaintiff's motion for summary judgment, Amazon respectfully requests that its deadline to respond to Plaintiff's Motion for Summary Judgment be continued until (1) after the close of discovery, or (2) in the alternative, at least 21 days after the Court rules on this Motion to allow Amazon to secure declarations.

## II.    LEGAL ARGUMENT

### A.    *Applicable Standards*

Federal Rule of Civil Procedure 56 provides in relevant part, that the Court may defer consideration of a party's motion for summary judgment or deny it, allow a party time to obtain affidavits or declarations or to conduct discovery, or issue any other appropriate order upon a motion by the responding party that outlines the non-movant's inability to present facts essential to justify its opposition. Fed. R. Civ. P. 56(d).

Motions for continuance under Rule 56(d) are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868 (5th Cir. 2006) (citation omitted).  Indeed, "[s]ummary judgment is appropriate only where the [non-movant] has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Servs., LLC*, 35 F.4th 397, 401 (5th Cir. 2022) (citing *McCoy v. Energy XXI GOM, LLC*, 695 F. App'x 750, 758–59 (5th Cir. 2017)).  "Rule 56(d) permits further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id.* The Fifth Circuit generally assesses whether the evidence sought to be obtained in the course of discovery would affect the outcome of the motion for summary judgment. *Id.*

### B.    *The Discovery Will Affect the Outcome of the Motion for Summary Judgment.*

In his premature motion for summary judgment, Plaintiff argues that Amazon discriminated against him on the basis of his sex by assigning him to "tote running," which he contends is the most difficult, physical job at the facility in which Plaintiff worked, and that this assignment was only given to men. (*See* Dkt. No. 46.) In connection with his motion, Plaintiff submits various declarations and other purported evidence about how job duties were assigned and Plaintiff's physical issues at work, among other information. (*Id.*)

Amazon needs additional discovery to identify the scope of Plaintiff's contentions underlying his gender discrimination claim, as well as the factual basis for those contentions.  To prevail on his claim, Plaintiff must establish a *prima facie* of discrimination by showing that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside of his protected class, or was treated less favorably than other similarly situated employees outside his class. *Haire v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). If Plaintiff can do so, "the burden of production shifts to the employer to provide a legitimate, non-discriminatory reason for the action." *Id.* at 362-63. If the employer meets its burden of production, then "the burden shifts back to the plaintiff, who can attempt to show that the defendant's proffered reason is simply a pretext for discrimination." *Id.* at 636.

As an initial matter, Plaintiff submitted a variety of declarations from individuals who purportedly worked with Plaintiff "at some dates between November 28th 2021 and July 27, 2022." (*See, e.g.,* Dkt. 46-6-46-8). These individuals state that they "personally witnessed . . . that only men were scheduled on the indirect staffing board, as 'tote runners.'" *Id.* Amazon is entitled

to depose these individuals to gather additional information about not only the substance of their declarations, but the nature and circumstances through which Plaintiff procured them.

To the extent Plaintiff has articulated a *prima facie* case of discrimination in his motion, Amazon requires discovery to fully assess the factual representations underlying the specific facts by which Plaintiff has done so. For instance, to establish that he was subject to an adverse employment action, Plaintiff will need to establish, among other things, that being required to perform the "tote running" position worked "some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis, Mo.,* 601 U.S. 346, 355 (2024). Similarly, to the extent Plaintiff has identified others outside of his protected class who were treated less favorably, Amazon would need additional discovery to fully assess Plaintiff's contention that those individuals were treated less favorably under "nearly identical circumstances." An employee who proffers a fellow employee as a comparator must demonstrate that the employment actions at issue were taken "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Amazon is entitled to take Plaintiff's deposition to gather testimony on his experience with the job, as well as evidence respecting other associates' experience, to show that there is a genuine issue of material fact on the adverse employment action element, among other elements of his claim.

Moreover, it would be Plaintiff's ultimate burden to show that Amazon's stated legitimate, non-discriminatory reason is a pretext for unlawful discrimination. *See Haire*, 719 F.3d at 363. Additional discovery is needed so that Amazon can obtain and fully assess the underlying factual basis for Plaintiff's ultimate contention that Amazon's stated reason is nothing more than a pretext for unlawful discrimination.

C.    *Amazon Has Diligently Pursued Discovery and Has More to Conduct.*

Amazon has diligently pursued discovery to the extent appropriate and reasonable, given the unique posture and delays in this case. In the early stages of this case, while Defendant's Motion to Dismiss was initially pending before the Court, the parties exchanged some written discovery but did not engage in comprehensive discovery due to the pending motion. (*See* Affidavit of Andrew P. Barber ["Barber Aff."], attached as **Exhibit A**, ¶ 2.) Nor has Amazon attempted to serve any discovery after the Findings, Conclusions, and Recommendation of the United States Magistrate Judge was entered on April 18, 2023 (Dkt. 20). (Barber Aff., ¶ 2). Given the passage of time since the initial discovery in this matter, in light of the pendency of Plaintiff's appeal to the United States Court of Appeals for the Fifth Circuit, and this Court's subsequent consideration of Defendant's motion to dismiss on remand, as well as the various circumstances that have changed during that time (including, upon information and belief Plaintiff's resignation from Amazon.com Services LLC), additional discovery is still needed. (*Id.*, ¶ 3.) Namely, Amazon intends to request Plaintiff supplement his answers/responses to Amazon's initial written discovery in light of the changed circumstances described above, serve additional interrogatories and requests for production to Plaintiff, and ultimately take Plaintiff's deposition within the discovery period, which has yet to be set by the Court, after securing this written discovery from Plaintiff. (*Id.*, ¶ 4.) Amazon also intends to issue third party subpoenas seeking Plaintiff's medical records and employment records. (*Id.*)

At minimum, Amazon needs additional time to, among other things, identify specific individuals with knowledge of the matters raised in Plaintiff's Motion for Summary Judgment, Amazon would need additional time to identify specific individuals with knowledge of the matters raised in Plaintiff's Motion for Summary Judgment and secure relevant affidavits/declarations in

support of its response. (*See* Barber Aff., ¶ 5). The subject matter of these declarations would include, among other things, evidence concerning the nature of the "tote runner" assignment, along with declarations in support of Amazon's legitimate, nondiscriminatory reasons for the employment actions at issue. (*See id.*)

Based on the foregoing, Amazon's deadline to respond to Plaintiff's Motion for Summary Judgment should be continued until (1) after the close of discovery, or (2) in the alternative, at least 21 days after the Court rules on this Motion, to allow Amazon to secure declarations.

## IV.    CONCLUSION

Amazon respectfully requests that its deadline to respond to Plaintiff's Motion for Summary Judgment be continued until (1) after the close of discovery, or (2) in the alternative, at least 21 days after the Court rules on this Motion to allow Amazon to secure declarations. Amazon further requests that it be awarded such other and further relief to which it may justly be entitled.

Dated: January 24, 2025

*Of Counsel:*

Drew P. Barber
Texas Bar No. 24101483
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone: 713.951.9400
Facsimile: 713.951.9212
Email: dbarber@littler.com

Matthew Swanger
Texas Bar No. 24100286
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
Telephone: 214.880.8100
Facsimile: 214.880.0181
Email: mswanger@littler.com

Respectfully submitted,

*/s/ Nehal S. Anand*
_____
Nehal S. Anand *(Attorney in Charge)*
Texas Bar No. 24070600
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone: 713.951.9400
Facsimile: 713.951.9212
Email: nanand@littler.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on January 9, 2025, Defendant's counsel conferred with Plaintiff Chad Harris regarding the relief sought by this motion.  Plaintiff indicated he is opposed.

*/s/ Drew P. Barber*
_____
Drew P. Barber

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to Plaintiff Chad Harris by electronic case notification on January 24, 2025, addressed as follows:

Chad R. Harris, *Pro Se Plaintiff*
1834 Clear Creek Lane
Carrollton, Texas 75007

*/s/ Drew P. Barber*
_____
Drew P. Barber