IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAD R. HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2279-K-BN |
| | § | |
| AMAZON.COM INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND SUPPLEMENTAL SCHEDULING ORDER**

In this lawsuit that United States District Judge Ed Kinkeade referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b), Plaintiff Chad R. Harris moved for summary judgment on his claim of discrimination (or disparate treatment), in violation of Title VII, on January 6, 2025, *see* Dkt. No. 46 – after the parties conducted the scheduling conference under Federal Rule of Civil Procedure 26(f), *see* Dkt. Nos. 43 & 44, but prior to the Court's entering a scheduling order under Federal Rue of Civil Procedure 16(b).

Prior to the deadline to respond to Harris's motion, *see* N.D. TEX. L. CIV. R. 7.1(e), Defendant Amazon.com, Inc. ("Amazon") moved for a continuance under Federal Rule of Civil Procedure 56(d), *see* Dkt. No. 51. And Harris responded. *See* Dkt. No. 52.

"Rule 56(d) permits further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (cleaned up). And to prevail on a motion for continuance under this rule, the motion must be supported by a

declaration or affidavit, and "the Rule 56(d) movant must make two showings": "that additional discovery will create a genuine issue of material fact" and "that [the movant] diligently pursued discovery." *Id.* (cleaned up); *see Whitener v. Pliva, Inc.*, 606 F. App'x 762, 765 (5th Cir. 2015) (per curiam) ("To succeed on a Rule 56(d) motion, the party requesting discovery must provide an affidavit or declaration in support of the request that states with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials will assist him in opposing summary judgment." (cleaned up)).

Harris claims that Amazon discriminates against men on the basis of their gender because it "does not schedule women at the same rate as men for heavy duty type assignments," such as "tote running," and, "[i]n fact, men are scheduled at a substantially different rate for heavy duty type assignments." Dkt. No. 46 at 3. And he supports this claim, in part, through declarations from other employees. *See* Dkt. Nos. 46-6 – 46.12.

And, through an affidavit from its counsel, Amazon asserts that,

[t]o the extent Amazon is not afforded the opportunity to fully engage in discovery prior to responding to Plaintiff's Motion for Summary Judgment, Amazon would need additional time to identify specific individuals with knowledge of the matters raised in Plaintiff's Motion for Summary Judgment and secure relevant affidavits/declarations in support of its response. The subject matter of these declarations would include, among other things, evidence concerning the nature of the "tote runner" assignment, along with declarations in support of Amazon's legitimate, nondiscriminatory reasons for the employment actions at issue.

Dkt. No. 51-1 at 3.

"Because [Harris] will have the burden of proof at trial on [his] Title VII discrimination claim, to be entitled to summary judgment on this claim, [he] must establish beyond peradventure all of the essential[, or ultimate, ]elements of the claim." *Baker v. Aetna Life Ins. Co.*, No. 3:15-cv-3679-D, 2018 WL 572907, at *3 (N.D. Tex. Jan. 26, 2018) (cleaned up).

That is, "[w]hen the party moving for summary judgment also bears the burden of proving the claim, he must establish that there is no genuine dispute of material fact as to every element of its claim, so that the evidence is so overwhelming that he is entitled to judgment in his favor." *Turner v. Criswell*, No. 4:19-CV-226-ALM-CAN, 2020 WL 1901086, at *3 (E.D. Tex. Jan. 6, 2020) (cleaned up), *rec. adopted*, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020).

"[T]he 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff because of [his] protected status.'" *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004); cleaned up). And, so, "there are two ultimate elements … to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (cleaned up).

Amazon seeks discovery to oppose the second essential/ultimate element of Harris's Title VII claim. And, particularly considering the early stage of this proceeding, Amazon has demonstrated its diligence in pursuit of this discovery.

The Court therefore GRANTS the motion for continuance under Rule 56(d) [Dkt. No. 51] and ORDERS the following:

Amazon must file a written response to the motion by **March 13, 2025**. The response must be accompanied by or incorporate a brief, and the response and the brief must not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

The responding parties' brief must discuss whether the responding parties agrees with the moving parties' identification of the live pleadings for each party who has appeared in the action and, if not, why not. Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b). The responding parties must (1) bracket in the margin of each document in the appendix or (2) place a text box around or (3) otherwise highlight the portions of the document on which the respondents rely, and, when citing materials in the record, the responding parties must support each assertion by citing each relevant page of its own or another party's appendix.

Additionally, except to the extent any requirement is modified herein, the response and brief must comply with the requirements of Local Civil Rules 56.4(a)-(c), 56.5(a), 56.5(c), and 56.6(a)-(b).

A motion for continuance under Federal Rule of Civil Procedure 56(d) must be

filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

Harris may file a reply brief, but no additional evidence, by **March 28, 2025**. The reply must not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). "There is no need to make a separate motion to strike." FED. R. CIV. P. 56 advisory committee's note to 2010 amendments; *accord Adams v. Untied Assoc. of Journeymen & Apprentices of the Plumbing and Pipefitting Indus. of the U.S. & Canada, AFL-CIO, Local 198*, Civ. A. No. 98-400-JWD-RLB, 2020 WL 1856191, at * (M.D. La. Apr. 13, 2020) ("For approximately the past nine years, recommended federal practices have entailed considering objections to evidence offered in support of or in opposition to motions for summary judgment in conjunction with the actual motion for summary judgment as opposed to a separate motion to strike, similar to the practice of objecting to evidentiary offerings at trial.").

The Court will not consider a separate motion to strike evidence, fact statements, or briefing offered in support of or in opposition to summary judgment. The Court will summarily deny without prejudice any motion to strike filed in

violation of these directions.

The parties instead must include any objections to evidence, fact statements, or briefing offered in support of or in opposition to a motion for summary judgment within their briefs (including reply briefs) in support of or in opposition to a motion for summary judgment. If a party includes objections in a response in opposition to a motion for summary judgment, any response to the objections must be included in the reply brief in support of the motion for summary judgment, and no reply in support of the objections is permitted. If a party includes objections in a reply brief in support of a motion for summary judgment, any response to the objections must be made in a separate brief that does not exceed 10 pages in length, excluding any table of contents and table of authorities, and that must be filed by no later than 14 days after the date of filing of the reply brief in support of a motion for summary judgment, and no reply in support of the objections is permitted.

The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b). Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the parties' written submissions, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). But the Court, in its discretion or on the request of any party, may schedule

oral argument prior to ruling on the motion. Any party who desires oral argument must file a written request with the Court by **March 28, 2025**.

With regard to possible oral argument, the undersigned notes a trend today in which fewer cases go to trial and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for junior lawyers (that is, lawyers practicing for less than seven years). The undersigned strongly encourages litigants to be mindful of opportunities for junior lawyers to conduct hearings or oral argument before the Court, particularly hearings or oral arguments as to which the junior lawyer drafted or contributed significantly to the underlying motion or response. In those instances in which the undersigned is inclined to rule on the papers, a representation that the oral argument would be handled by a junior lawyer – or by a lawyer who has more than seven years in practice but who has had less than five speaking appearances in any federal court – will weigh in favor of holding oral argument. The undersigned understands that there may be circumstances in which having a junior lawyer handle a hearing or oral argument might not be appropriate – such as where no junior lawyers were involved in drafting the motion or response or where the motion might be dispositive in a "bet-the-company" type case. Even so, the undersigned believes it is crucial to provide substantive speaking opportunities to junior or other less experienced lawyers and that the benefits of doing so will accrue to junior lawyers, to clients, and to the profession generally. Thus, the undersigned encourages all lawyers practicing before the Court to keep this goal in mind.

Additionally, the undersigned permits a party's or parties' lawyers' splitting

an oral argument and encourages, in appropriate cases, doing so with a more junior attorney who may have spent the most hours on the briefing.

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Shakira Todd, at (214) 753-2165, that such discussions are ongoing.

Any questions concerning the requirements of this order may be directed to Ms. Todd. Attorneys and parties should not contact Ms. Todd or the Court's chambers to ask when a ruling on a motion can be expected.

Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

The failure to comply with any part of this order may result in the imposition of sanctions, see FED. R. CIV. P. 16(f), and may lead to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATE: January 29, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE